IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD PAIRAN on behalf of himself and all others similarly situated, | : | Case No. 1:20-cv-00017-SJD-KLL |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| GUARDIAN PROTECTION SERVICES OF OHIO, LLC, *et al.* | : | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN ITS ENTIRETY AND MEMORANDUM IN SUPPORT THEREOF** |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION TO DISMISS

Plaintiff Ronald Pairan ("Pairan" or "Plaintiff"), alleges that Defendant Guardian Protection Services, Inc.[1] ("Guardian"): (i) failed to post appropriate notices in the workplace in violation of 29 C.F.R. § 516.4 (Count I); (ii) willfully misclassified its installation technicians in accordance with the Fair Labor Standards Act ("FLSA")(Count III); and (iii) failed to properly pay overtime in accordance with the FLSA and Ohio's Minimum Fair Wage Standards Act ("OMFWSA")(Counts IV and V). Plaintiff also alleges a separate count which he labels as "Equitable Tolling." (Count II). Finally, Pairan also alleges that Guardian engaged in theft and fraud in violation of O.R.C. § 2913.01 *et. seq.* (Count VI).

---

[1] Plaintiff initially filed his complaint on January 7, 2020, naming "Guardian Protection Services of Ohio, LLC" and "Guardian Protection Services, Inc." as defendants. (Doc. 1: Filed 1/7/20, PageID #1). After counsel for Guardian Protection Services, Inc. notified Plaintiff's counsel that "Guardian Protection Services of Ohio, LLC" was not in any way related to or affiliated with "Guardian Protection Services, Inc.," Plaintiff filed an amended complaint dismissing "Guardian Protection Services of Ohio, LLC" as a defendant, and adding "Armstrong Group of Companies" as a new defendant. (Doc. No. 4: Filed 01/15/20, PageID #446). After counsel for Guardian Protection Services, Inc. then advised Plaintiff's counsel that no legal entity exists by the name of "Armstrong Group of Companies," counsel for Plaintiff dismissed "Armstrong Group of Companies" as a defendant. (Doc. No. 5, Filed 02/06/20, PageID #887). Consequently, Guardian Protection Services, Inc. is the only Defendant in this action.

1

Plaintiff, himself, recognizes that all of the causes of actions or purported causes of action alleged in Counts I, III, IV and V, fall outside of the FLSA and OMFWSA's statutes of limitations.  Consequently, Pairan implores the Court to equitably toll the statutes of limitations as of June 29, 2016, or three (3) years, six (6) months and nine (9) days prior to filing the instant lawsuit on January 7, 2020, seeking a liability period of over six and a half years (6½) years.  Despite the fact that Plaintiff's claims or purported claims alleged in Counts I, III, IV and V all are barred by the statutes of limitations, Pairan also seeks to certify Rule 216(b) and Rule 23 class actions encompassing other "technicians who have worked for Defendants installing and maintaining alarm systems since January 1, 2013." (Doc. 4, PageID #455, ¶69).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Guardian respectfully moves this Court for an order dismissing all of Plaintiff's causes of action with prejudice given that, even taking all of the facts and allegations in the amended complaint as true and viewing the same in the light most favorable to Pairan, he has not stated any claims upon which relief may be granted.

## MEMORANDUM IN SUPPORT

**I.  INTRODUCTION**

In his Amended Complaint, Pairan alleges six (6) separate causes of action stemming from his former business relationship with Guardian. Of the six (6) causes of action, all should be dismissed for failure to state a claim for one or more of the following three reasons: (i) they are not legally cognizable claims; (ii) they do not allow for a private cause of action; and/or (iii) they fall years outside of the applicable statute of limitations under circumstances where equitable tolling is not an available remedy based on existing jurisprudence. For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice in its entirety.

As to the first two categories of claims, Pairan seeks to hold Guardian legally responsible for four (4) causes of action where the claims or private rights to sue do not exist. Specifically, Count I (Failure to Post Notice in Accordance with 29 C.F.R. § 516.4) and Count VI (Theft and Fraud R.C. § 2913.01 *et seq*.) do not allow for private causes of action. Additionally, Count II (Equitable Tolling) and Count III (Willful Misclassification) are not independently cognizable causes of action. For these reasons, Counts I, II, III and VI all should be dismissed with prejudice out of hand.

With respect to Count IV (Failure to Pay Overtime (FLSA)) and Count V (Failure to Pay Overtime (OMFWSA)), Pairan filed these claims years outside the applicable statutes of limitations. In fact, Count IV was filed 3 years, 6 months and 9 days *after* the last date upon which damages potentially accrued, and Count V was filed 4 years, 6 months and 9 days *after* the last date upon which damages potentially accrued. Given the extreme and inexcusable delay in filing, Pairan begs the Court to toll the statute of limitations as of June 26, 2016. However, despite his request for the Court to excuse his dilatory conduct, as explained in greater detail below, Pairan cannot point to any judicial precedent supporting the extreme remedy he requests

3

in his Amended Complaint. To the contrary, judicial precedent in this Circuit, this District, and beyond is contrary to his request to toll the statute of limitations by years. Thus, because equitable tolling is inappropriate based on the alleged facts and circumstances of this case as developed further throughout this Memorandum in Support, Count's IV and V should likewise be dismissed with prejudice.

## II. STATEMENT OF FACTS[2]

Guardian sells, installs, and monitors residential and commercial security and home automation systems. (Doc. 4, PageID #448, ¶14). Plaintiff alleges that in April 2000, Guardian hired Pairan as a technician based out of its location at 9852 Windisch Road, West Chester Township, Ohio 45069. (Doc. 4, PageID #449, ¶16, 21). Pairan was classified as an independent contractor at all times for almost 20 years before Guardian terminated its relationship with him in December 2018. (Doc. 4, PageID #s 446–447, ¶1, 2, 3).

Although Plaintiff alleges that he was classified as an independent contractor, he did not attach to, or specifically reference in, his Amended Complaint the written "Master Contractor Agreement" between him and Guardian in which Plaintiff expressly agreed and understood that he was an independent contractor working for himself and was not to be deemed an employee of Guardian. As an independent contractor under the Master Contractor Agreement, as Plaintiff does acknowledge in his Amended Complaint, he was required, *inter alia*, to drive his own personal vehicle to job sites at his own expense without any reimbursement and also was required to carry at his own expense insurance on his vehicle. (Doc. 4, PageID #450, #26, 27).

---

[2] Defendant does not agree with or accept Plaintiff's characterization of the "facts;" however, Defendant understands that the Court must accept Plaintiff's factual allegations as true for purposes of this motion. By filing this Motion with the Statement of Facts, Defendant does not waive the right to deny any and all of Plaintiff's allegations.

4

Between 2000 and 2010, Pairan worked six (6) days per week. (Doc. 4, PageID #451, ¶40). However, in 2010 Guardian granted his request to work five (5) days a week, to allow him more time with his wife and young daughter. (*Id*).

Circa August 7, 2015 (4 years and 5 months *prior* to the date Plaintiff filed the instant lawsuit), Guardian informed Pairan that his work schedule was being reduced to four (4) days per week. (Doc. 4, PageID #451, ¶41). On June 29, 2016 (3 years, 6 months and 9 days *prior* to the instant lawsuit), Guardian's Operations Manager informed Pairan that the Company had hired a compliance officer who told Guardian that Guardian could not classify him or others as an independent contractor if they worked four (4) or five (5) days per week. (Doc. 4, PageID #451, ¶42). Consequently, Pairan's schedule was reduced to three (3) days per week circa June 29, 2016. (Doc. 4, PageID #451, ¶43).

After the reduction of days worked to three (3) days per week circa June 29, 2016, Pairan *never* worked in excess of forty (40) hours per week. (Doc. 4, PageID #464, ¶130). Despite the reduction in the number of days and hours worked each week at Guardian circa June 26, 2016, Pairan continued to provide services to Guardian for another two and a half (2.5) years until December 2018 when his services ceased. (Doc. 4, PageID #446, ¶1).

In light of the foregoing, even if Pairan should have been classified as an "employee" as he alleges in his Amended Complaint, Guardian's Motion To Dismiss still should be granted, because his claims for overtime are time-barred. The alleged "facts," taken in the light most favorable to Pairan as required for purposes of this motion, undisputedly establish that he *never* would have been entitled to any overtime compensation after circa June 29, 2016. This is so, because Pairan candidly alleges in his Amended Complaint that he worked in excess of forty

5

(40) hours per week only until circa June 29, 2016, which is more than three and a half years before Plaintiff filed this action on January 7, 2020. (Doc. 4, PageID #464, ¶130).

### III. **ARGUMENT**

### **PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY AS HE FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

#### A. Fed.R.Civ.P. 12(b)(6) Legal Standard.

As explained below, each cause of action alleged in Pairan's Amended Complaint (Doc. 4) must be dismissed with prejudice in accordance with Fed.R.Civ.P. 12(b)(6) essentially for one of three basic reasons: (i) they are not legally cognizable claims; (ii) no private cause of action exists for the claim alleged; and/or (iii) the cause of action was filed outside of the applicable statute of limitations.

The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if all facts and allegations in the complaint are true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Garza v. Isgur*, 2013 U.S. Dist. LEXIS 11721, at *1 (S.D. Ohio Jan. 28, 2013)(J. Dlott). In analyzing the Amended Complaint, all the factual allegations must be viewed in the light most favorable to the plaintiff and the plaintiff must receive the benefit of all reasonable inferences from the facts in the complaint." *Pikas v. Williams Cos.*, 542 F. Supp. 2d 782, 785 (S.D. Ohio 2008) (J. Dlott) (internal citations omitted).

**B.     Count I of the Amended Complaint ("Failure to Post A Notice Explaining FLSA") Must Be Dismissed Because No Private Cause Of Action Exists With Respect To The Alleged Failure to Post Notice Under 29 C.F.R. § 516.4.**

Plaintiff's Amended Complaint alleges that Guardian did not post, or keep posted, in conspicuous places a notice explaining Plaintiff's rights under the FLSA, as required by 29 C.F.R. § 516.4. (Doc. 4, PageID #454, ¶66). However, even assuming Pairan's factual allegation is accepted as true for the purposes of this motion only, and Guardian did not post notice in accordance with 29 C.F.R. § 516.4, no private cause of action exists for such a violation. Thus Count I must be dismissed with prejudice.

It is indisputable that the statutory scheme of the FLSA permits employees to recover unpaid wages and liquidated damages while vesting in the Secretary of Labor the prerogative to seek relief for other types of FLSA violations, such as notice provisions and record keeping requirements. *See,* 29 U.S.C. §§ 216 and 217. *See e.g., Salazar v. Brown*, 1996 U.S. Dist. LEXIS 18033, at *4 (W.D. Mich. 1996) (quoting *Marchak v. Observer Publications, Inc.*, 493 F. Supp. 278, 281 (D.R.I. 1980) ("the language of § 216(b) clearly limits private actions to recovery of unpaid minimum wages, unpaid overtime compensation, and violations of § 215(a)(3).").  *See also*, *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) (the FLSA does not authorize employee suits for violations of the FLSA's record-keeping requirements. Authority to enforce the Act's record-keeping requirements is vested exclusively in the Secretary of Labor.); and *Petty v. Russell Cellular, Inc.*, 2014 U.S. Dist. LEXIS 11497 (S.D. Ohio Jan. 30, 2014) (same).

While many federal courts, as discussed above, have determined private causes of action do not exist for violations of the FLSA's administrative tasks such as record keeping, few cases have specifically addressed whether or not the failure to satisfy the obligation to post a notice embodied in 29 C.F.R. § 516.4 creates a private cause of action. The few courts that squarely

7

have addressed the issue, however, uniformly have held that, similar to the FLSA's record keeping requirements, the FLSA's notice requirements do *not* create a private cause of action. *See, Lopez v. Tri-State Drywall, Inc*., 861 F. Supp. 2d 533, 537 (E.D. Pa. 2012), where the Court expressly stated:

> "Again, Mr. Lopez has not cited, and this court has not located, a case affording a plaintiff a private right of action to enforce the FLSA's notice provisions. Moreover, such a private right of action is inconsistent with 29 U.S.C. § 216(b), which limits private rights of action to specifically enumerated provisions of the FLSA."

*See also, Joia v. Jozon Enters*., 2019 U.S. Dist. LEXIS 42274, at *14 (D.R.I. Mar. 13, 2019) (private rights of action under § 216(b) are extremely limited in scope and 29 CFR Part 516 does not create a private right of action) (internal citations omitted); *Marchak v. Observer Publ'ns, Inc*., 493 F. Supp. 278 (D.R.I. 1980) (same).

As of this motion, Guardian is unaware of any authority from any district or circuit court holding that a plaintiff possesses a private cause of action for alleged violations of 29 C.F.R. § 516.4. Thus, because the statutory scheme and all available case law establish that Plaintiff lacks a right to sue Guardian for its alleged failure to post the notice required by 29 C.F.R. § 516.4, Count I of his Amended Complaint must be dismissed with prejudice.

### C. Count II of the Amended Complaint ("Equitable Tolling") Must Be Dismissed Because There Is No Independent Cause of Action for Equitable Tolling.

Plaintiff alleges an independent cause of action in Count II of the Amended Complaint for "Equitable Tolling." (Doc. 4, PageID #458). While equitable tolling is a principle that may allow a plaintiff to pursue a claim outside the applicable statute of limitations period under limited circumstances not present in this case as discussed in detail below, it is axiomatic that equitable tolling, in and of itself, does not constitute an independent cause of action for which any relief may be granted. *See, Coniglio v. CBC Servs*., 2013 U.S. Dist. LEXIS 99159, at *26

8

(N.D. Ohio July 16, 2013) (overturned on other grounds, but finding that "equitable tolling" cannot stand as a claim on its own and is simply an equitable remedy available to the Court). Accordingly, Count II of Plaintiff's Amended Complaint must be dismissed.

      **D.**      **Count III of the Amended Complaint ("Willful Misclassification") Must Be Dismissed Because There is No Cause of Action for Willful Misclassification.**

While an individual who is misclassified (willfully or otherwise) as an independent contractor rather than an employee may be entitled to overtime if the individual works more than 40 hours in a workweek, "Willful Misclassification," in and of itself, does not constitute an independent cause of action under the FLSA or the OMFWSA for which any relief may be granted. In other words, if a misclassified individual never works any overtime, the individual does not have a claim under the FLSA merely because the individual was misclassified. On this basis alone, Count III of the Amended Complaint must be dismissed. *Altare v. Vertical Reality Mfg.*, 2020 U.S. Dist. LEXIS 5845 (S.D. Fla). As the Court in *Altare* stated in granting defendant's motion to dismiss Plaintiff's claim for "misclassification:"

> The Court agrees that Plaintiff cannot bring a cause of action under the FLSA for misclassification. As relevant here, the FLSA allows two types of claims: claims for unpaid overtime and minimum wage violations. (Citations omitted) … Accordingly, **because claims for misclassification do not exist under the FLSA, the Court shall not read one into the statute**. (Emphasis added).

      **E.**      **Counts IV ("Failure to Pay Overtime FLSA") and V ("Failure to Pay Overtime Ohio Minimum Fair Wage Standards Act") of Plaintiff's Amended Complaint Must Be Dismissed Because Such Claims are Barred By The Applicable Statutes of Limitations.**

Plaintiff alleges that he is entitled to overtime compensation for hours worked over 40 hours in a work week under both the FLSA and the OMFWSA. (Counts IV and V). The statutes of limitations under both statutes is two (2) years, or three (3) years at most under the FLSA if

9

the violation is deemed willful, from the date of the alleged violation.[3] Since Plaintiff did not file this action until January 7, 2020, even applying a three (3) year limitations period for an alleged willful violation of the FLSA, Plaintiff would have to claim a violation of the FLSA on or after January 7, 2017, in order to state a claim upon which relief can be granted. For the OMFWSA, Plaintiff would have to claim a violation on or after January 7, 2018, regardless of whether or not the violation was willful. This, Plaintiff has not done. In fact, Plaintiff in his Amended Complaint concedes that only "until circa **June 29, 2016**, Plaintiff, as well as putative class members, regularly worked in excess of forty hours per week, including evenings and weekends." (Emphasis added). (Doc. 4, PageID #464, ¶130). Since the only alleged failure to pay overtime stopped months before January 7, 2017 (*i.e.,* far more than 3 years before Plaintiff filed this lawsuit), Plaintiff has failed to state a claim upon which any relief may be granted under either the FLSA or the OMFWSA, because the statutes of limitations bar any such claim.

> 1. **There is No Legitimate Basis To Apply The Principle of Equitable Tolling on this Case To Permit Plaintiff To Assert Claims Which Are Otherwise Time-Barred.**

Recognizing that he has blown the applicable statutes of limitations by several years, Plaintiff implores the Court nevertheless to allow him to proceed with respect to his unpaid overtime claims via the principle equitable tolling. As explained below, the Amended Complaint on its face provides absolutely no legitimate basis to do so.

Equitable tolling enables a court, in its discretion, to extend the statute of limitations on a case-by-case basis to prevent inequity, if a party has *diligently* pursued his rights and some *extraordinary* circumstance prevented timely filing. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); s*ee also, McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (emphasis

---

[3] Under Ohio's overtime pay statute, O.R.C. 4111.01, the statute of limitations is two years, with no exception for willful violations. O.R.C. 2305.11; *State ex rel. Gingrich v. Fairfield City Schools*, 18 Ohio St. 3d 244, 480 N.E. 2d 485 (1985); *Terry et al. v. Pro-Mark Contracting, LLC, et al.,* Case No. 1:14-cv-2542 (N.D. Ohio 2016).

added). The Sixth Circuit also "has repeatedly cautioned that equitable tolling relief should be granted only sparingly" and that it is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001); *see also, Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Recognizing that his FLSA and OMFWSA claims are time-barred absent the application of equitable tolling, Plaintiff's Amended Complaint advances three arguments for why the Court should grant his request to equitably toll the statute of limitations as of June 26, 2016, and allow him to assert claims going back as far as June 26, 2013 (over six (6) years prior to filing his Complaint): (i) Defendant allegedly failed to post a required notice regarding Plaintiff's rights under the FLSA; (ii) Defendant treated him as an independent contractor throughout the entirety of his relationship with it, despite purportedly knowing as of June 26, 2016 that he should have been classified as an employee; and (iii) Defendant continued to employ Plaintiff for two years after initially reducing his schedule. (Doc. 4, PageID #458, ¶¶ 91–101). However, whether considered individually or in the aggregate, none of the alleged foregoing acts or omissions by Guardian, even if accepted as true for the purpose of this motion, warrant the extraordinary application of equitable tolling principles.

Plaintiff's first argument that the Court should equitably toll his overtime claims because Guardian failed to post a notice of FLSA rights in the workplace is readily dispatched. While other circuits have held that failure to post notices may *potentially* serve as the basis for equitable tolling under limited circumstances, the Sixth Circuit has not held the same. (See Section III. E.1.a., *infra* at 14). In fact, the Sixth Circuit and courts within this District actually have adopted the exact opposite position on that issue, holding that an employer's failure to post the notice required under the FLSA does not necessarily toll the statute of limitations on a plaintiff's

11

overtime claims. *See, Claeys v. Gandalf Ltd.*, 303 F. Supp. 2d 890, 896 (S.D. Ohio 2004) (citing *Archer v. Sullivan County, Tenn.*, 129 F.3d 1263 (unpublished) (6th Cir. 1997) (holding that an employer's failure to provide notice of employee rights under the FLSA does not alone provide a basis for equitable tolling)).

Plaintiff next argues that the principle of equitable tolling should be applied, because Guardian treated him as an independent contractor throughout the entirety of his relationship with Guardian, but did not pay him overtime as a result. (Doc. 4, PageID #458, ¶¶ 97–101). However, those factual allegations, even if accepted as true, are also legally insufficient to warrant the application of equitable tolling. It has been specifically recognized by a court in this District that an incorrect statement from an employer that an employee is not eligible for overtime (*i.e.,* a misclassification) does "not constitute a misrepresentation that would prevent [Plaintiff] from discovering the existence of his claim under federal and/or state law." *Claeys v. Gandalf Ltd.*, 303 F. Supp. 2d 890, 897 (S.D. Ohio 2004). To the contrary, that court expressly recognized that actually "such statements simply inform a plaintiff of facts that might give rise to claims he is entitled to pursue." *Id.*

Essentially, Plaintiff argues that he should be entitled to avoid the expiration of the statute of limitations based upon equitable tolling simply because he was allegedly misclassified under the FLSA. However, if that were sufficient grounds for "sparingly" applying the equitable tolling doctrine, it would produce the absurd result that every individual in every misclassification case who filed a lawsuit after the expiration of the statute of limitations would be entitled to equitable tolling. The facts of this case and applicable precedent simply do not warrant such an absurd result.

Furthermore, the Sixth Circuit has stated that is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Thus, to the extent that Plaintiff claims he was ignorant of his rights, he cannot rely on his purported ignorance to justify his failure to timely pursue his claims.

Moreover, it is undisputed that this case does not involve a misrepresentation by Guardian that led to Plaintiff's failure to investigate potential claims against Guardian. To the contrary, Plaintiff's Amended Complaint alleges that Guardian's Operations Manager notified him as early as June 26, 2016, that the Company had engaged a consultant to review its independent contractors' schedules and that the consultant had purportedly determined that Guardian could not allow independent contractors to work four (4) or five (5) days a week. (Doc. 4, PageID #458, ¶ 42). Although the law nowhere requires an employer to notify individuals that they may have been misclassified as independent contractors, Plaintiff's allegation in the Amended Complaint is that in 2016 Guardian actually put him on notice that it was using a consultant to review independent contractors' work schedules and discussing substantial modifications to his work schedule based on the consultant's review. This allegation specifically served to put him on notice of the potential for legal claims. The fact that Plaintiff declined to pursue his claims at that time or to consult an attorney relative to these job modifications prior to January 2019, and then still incredibly failed to file this lawsuit until January 2020 — almost a full year after his initial consultation with an attorney — runs counter to his request for the Court to apply the principle of equitably tolling his time-barred overtime claims.[4]

---

[4] Additionally, assuming the facts alleged by Plaintiff are true for purposes of this motion only as Guardian must, there was no legal obligation for Guardian even to engage a consultant to review its independent contractors' schedules. Plaintiff should have no ability to file this action well outside the applicable statute(s) of limitations just

13

Finally, Plaintiff argues equitable tolling is appropriate, because Guardian continued to utilize his services for the two years following his reduction below forty (40) hours of work per week circa June 26, 2016. (Doc. 4, PageID #460, ¶s 100, 101). Plaintiff illogically claims that Guardian somehow subverted the FLSA, because he continued to work for Guardian after June 26, 2016, even though he admittedly never would have been entitled any overtime pay for work after June 26, 2016, had he been classified as an employee, since his Amended Complaint does not allege that he ever worked in excess of 40 hours per week after June 26, 2016. However, Plaintiff cites no case law, nor are Defendants aware of any case law, that stands for the proposition that merely continuing to utilize the services of an independent contractor or employee is, in itself, a basis upon which the statute of limitations should be equitably tolled under the FLSA. Plaintiff's argument at its core fails for the simple reason that it attempts to blame Guardian for Plaintiff's purported ignorance of his rights under the FLSA, which does not warrant equitable tolling. *Rose,* 945 F.2d at 1335.

For all these reasons, the Court should decline to equitably toll the statute of limitations as of June 26, 2016. Instead, the Court should dismiss Counts IV and V as having been filed outside of the applicable statutes of limitations.

### 2. The Cases Cited In Plaintiff's Amended Complaint Do Not Warrant The Application of Equitable Tolling.

Plaintiff cites in his Amended Complaint four (4) cases purportedly supporting his argument that equitable tolling is appropriate. None of these cases support Plaintiff's position or provide any legitimate basis to equitably toll the limitations periods.

Of the four cases cited in Plaintiff's Amended Complaint, only one, *Truitt v. Cnty. Of Wayne*, 148 F.3d 644 (6th Circuit 1998), is from the Sixth Circuit, and it does not even contain

---

because Guardian purportedly did so and allegedly shared the consultant's determination(s) with Plaintiff at that time.

FLSA claims.  Rather, *Truitt* analyzed whether equitable tolling was appropriate where a plaintiff failed to timely pay a filing fee within ninety (90) days of receiving a right to sue notice under Title VII, an issue that is far-afield of Plaintiff's wage and hour allegations.

*Stransky v. HealthOne of Denver, Inc*., 868 F.Supp.2d 1178, 1181 (D. Colo. 2012), also provides no basis to apply equitable tolling here.  While Plaintiff sites *Stransky* for the general proposition that equitable tolling may be applied in FLSA cases, there the court assessed whether to equitably toll the FLSA's statute of limitations for putative class members only between the timely filing of the lawsuit and notice being sent out.  Ultimately, the court authorized limited equitable tolling for the limited time period from the time the named-plaintiff requested putative class information until ninety (90) days after class notice was sent out.  Unlike the instant case where Plaintiff waited over three and a half years from the time he learned his schedule was being reduced as an independent contractor, the named-plaintiff in *Stransky* filed his lawsuit within the FLSA's statute of limitations.  Because the request for equitable tolling in *Stransky* was considered within a completely different context, *Stransky* is inapposite and unpersuasive under the alleged facts here.

Similarly, *Partlow v. Jewish Orphans' Home, Inc*., 645 F.2d 757 (9th Cir. 1981), is unavailing.  In *Partlow*, the court found it appropriate to equitably toll the statute of limitations for putative class members under circumstances where the opt-ins executed consent notices that had not been approved by the court due to plaintiffs' counsel's error.  Here again, unlike the instant case, *Partlow* does involve circumstances where the underlying FLSA lawsuit was filed outside of the existing statute of limitations.  For these reasons, *Partlow* is similarly unpersuasive.

Finally, Plaintiff cites *Cruz v. Maypa*, 773 F.3d 138 (4th Cir. 2014), to argue that when an employer fails to post required FLSA notices pursuant to 29 C.F.R § 516.4, the statute of limitations must be tolled until the employee obtains an attorney or obtains actual knowledge of his or her rights. (Doc. 4, PageID #459, ¶94). However, Plaintiff's attempted reliance in *Cruz* is at odds with the Sixth Circuit precedent. While the Fourth Circuit in *Cruz* determined that equitable tolling was appropriate where the defendant failed to post adequate FLSA notices, as discussed above, the Sixth Circuit has specifically held that the failure to post notice is not grounds to equitably toll the statute of limitations. *See; Archer v. Sullivan County, Tenn.*, 129 F.3d 1263 (6th Cir. 1997) (unpublished) (holding that an employer's failure to provide notice of employee rights under the FLSA does not alone provide a basis for equitable tolling). *Archer* remains good law. *See, Claeys v. Gandalf Ltd.*, 303 F. Supp. 2d 890, 896 (S.D. Ohio 2004) (The Sixth Circuit, in contrast, has determined, in an unpublished opinion, that an employer's failure to post the notice required under the FLSA does not toll the statute of limitations on the plaintiff's claim for overtime pay.) In light of these decisions by and within the Sixth Circuit, *Cruz* is non-binding, unpersuasive and insufficient to warrant equitable tolling in this case.

In short, the cases cited by the Plaintiff are inapposite, unpersuasive and/or not binding on this Court. Accordingly, this Court should reject Plaintiff's equitable request to equitably toll the expired statute of limitations.

### F. Count VI of the Amended Complaint ("Theft and Fraud") Must Be Dismissed Because No Private Cause Of Action Exists With Respect To Count VI.

In Count VI of the Amended Complaint, Plaintiff attempts to assert a cause of action for alleged theft and fraud in violation of the Ohio criminal statute in O.R.C. § 2913.01 *et. seq.* However, in the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state. *See,*

16

*State ex rel. Bailey v. Ohio Parole Bd.,* 2017-Ohio-9202, ¶ 14, (citing *George v. State,* 10th Dist. Franklin, 2010-Ohio-5262, ¶ 32 ("In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state.")).

Contrary to this well-established precedent by Ohio's Supreme Court, Plaintiff impermissibly asserts Count VI for theft and fraud in violation of O.R.C. § 2913.01 *et seq*. Reviewing the Ohio Revised Code table of contents, it is readily obvious that § 2913.01 *et seq*. exists as a subsection of Title 29 of the code, entitled "Crimes and Procedures." Thus, because O.R.C § 2913.01 *et seq*., is undoubtedly a criminal statute over which the State of Ohio maintains the exclusive right of prosecution, accordingly, Plaintiff fails to state a claim to relief in Count VI that is plausible on its face. As such, Count VI of the Complaint should similarly be dismissed with prejudice.

## IV. CONCLUSION

Consistent with the foregoing, all six of Pairan's alleged causes of action must be dismissed with prejudice in its entirety.

Respectfully submitted,

/s/ Michael S. Glassman
Michael S. Glassman, Esq. (OH 0012713)
Michael B. Mattingly, Esq. (OH 0089847)
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.977.8200
Fax: 513.977.8141
Email: michael.glassman@dinsmore.com
michael.mattingly@dinsmore.com

*Attorneys for Defendant,*
*Guardian Protection Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael S. Glassman