IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD PAIRAN, | : | Case No. 1:20-cv-17 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| GUARDIAN PROTECTION SERVICES | : | Order Overruling Objection to Report |
| OF OHIO, LLC, *et al.*, | : | and Recommendation |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 19) that Defendant[1] Guardian Protection Services of Ohio, LLC's Motion to Dismiss the Plaintiff's Amended Complaint (Doc. 9) be granted. For the reasons that follow, Plaintiff's Objection will be **OVERRULED**, and the Magistrate Judge's Report and Recommendation will be **ADOPTED**.

I. **Background**

The procedural background and alleged facts are thoroughly summarized in the Report and Recommendation. In short, Plaintiff alleges that he performed work as an alarm system technician for Defendant from 2000 until December 2018, when his relationship with the Defendant was terminated. (Doc. 4 at PageID 461.) Plaintiff worked six days a week until 2010, when he requested to work five days a week. (*Id.* at PageID 451.) On August 7, 2015 until June 29, 2016, Plaintiff's work hours were reduced to four days per week. (*Id.*) On June 29, 2016, Plaintiff was informed by the company's Operation Manager that it had hired a Compliance Officer who advised against classifying Plaintiff and others similarly situated as independent

---

[1] Plaintiff dismissed the other named defendant, leaving Guardian Protection Services of Ohio, LLC. (Doc. 5.)

contractors while having them work four or five days per week. (*Id.*) Defendant reduced Plaintiff's work schedule to three days per week until his relationship with Defendant was terminated in December 2018. (*Id.* at 461–62.)

Plaintiff asserts six causes of action, all of which the Magistrate Judge recommended be dismissed: (1) failure to post a notice explaining Plaintiff's rights under the Fair Labor Standards Act ("FLSA"); (2) equitable tolling; (3) willful misclassification under the FLSA; (4) failure to pay overtime under the FLSA; (5) failure to pay overtime under Ohio law; and (6) theft and fraud under Ohio Revised Code § 2913.01. The Magistrate Judge recommended Counts 1, 2, 3, and 6 be dismissed because it is uncontested that they do not present private causes of action. (Doc. 19 at PageID 974–75.) She recommended Counts 4 and 5 be dismissed because equitable tolling of the statute of limitations on the Plaintiff's overtime compensation claims is not warranted. (*Id.* at PageID 974.) Plaintiff timely objected to the Report and Recommendation (Doc. 21), and Defendant responded (Doc. 22). The matter is now ripe for resolution.

## II. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. Analysis

Plaintiff objects to the Report and Recommendation's finding that "Plaintiff knew or should have known as of [June] 29, 2016 that defendant may have misclassified his employment status and that defendant had not been paying him overtime." (Doc. 19 at PageID 967.) He argues that as of that date, he did not have knowledge of his legal claims and did not inquire as to his rights under wage and hour law. (Doc. 21 at PageID 979.) Plaintiff therefore asks the Court to reconsider whether he had constructive knowledge of claims, whether he was diligent in pursuing his rights, whether it was reasonable for him to remain unaware of the alleged overtime compensation violations until after the statute of limitations expired, and whether equitable tolling is appropriate in this case. (*Id.* at PageID 980.)

The Magistrate Judge appropriately determined the statute of limitations on Plaintiff's overtime compensation claims should not be equitably tolled in consideration of the five factors set forth in *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).[2] Equitable tolling is to be applied "sparingly," and the burden is on the litigant to establish his entitlement to tolling. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).

Plaintiff alleged in the Amended Complaint that June 29, 2016 was the date on which Defendant's Operations Manager informed him that Defendant had hired a Compliance Officer and learned it could no longer schedule independent contractors to work four or five days per week; Plaintiff's schedule was immediately reduced to three days per week; and Plaintiff was required to obtain a license and two different types of insurance. (Doc. 4 at PageID 451, 463.)

---

[2] The *Truitt* factors are: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.*

3

The Court agrees with the Magistrate Judge's conclusion that the allegations of the Amended Complaint, accepted as true, show that Plaintiff had constructive knowledge of the alleged overtime compensation violations as early as June 29, 2016. (Doc. 19 at PageID 967.) The Magistrate Judge found that on this date, Plaintiff knew, or should have known, that he may have been misclassified as an independent contractor and that Defendant may not have been paying him overtime compensation. He had reason at this point to inquire into his rights, and he did not allege facts that Defendant affirmatively misled him about the facts underlying his overtime compensation claims after that point.

Plaintiff implies that he could not have constructive knowledge of potential claims because he lacked actual knowledge of his rights under wage and hour law due to Defendant's alleged failure to post an FLSA notice. The Magistrate Judge also considered this argument in her analysis of the first *Truitt* factor, Plaintiff's lack of notice of the filing requirement. (*See* Doc. 19 at PageID 965–66). She determined that it was "reasonable to infer from [D]efendant's alleged failure to post the FLSA-required notice, and the absence of allegations or facts to show that [P]laintiff was notified of the filing requirement in some other manner, that [P]laintiff lacked actual notice of the filing requirement." (*Id.* at 966.) However, the lack of a notice does not necessarily toll the statute of limitations on an overtime claim. *See Archer v. Sullivan County, Tenn.*, 129 F.3d 1263, 1997 WL 720406, at *4 (6th Cir. 1997) (defendant's failure to post FLSA notice did not justify invocation of equitable tolling); *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 896 (S.D. Ohio 2004) (same); *see also Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). The Court found the lack of notice factor weighed *in favor* of applying the equitable tolling doctrine, but the other remaining four *Truitt* factors weighed against equitable tolling. Plaintiff

gives no new basis to disturb the Magistrate Judge's reasoning as to the remaining factors, nor does the Court find a basis to do so.

After a *de novo* review, the Court finds that Plaintiff's arguments have been thoughtfully and correctly considered by the Magistrate Judge's Report and Recommendation. Plaintiff's Objection is **OVERRULED**, and the Report and Recommendation (Doc. 19) is **ADOPTED**.

**IT IS SO ORDERED**.

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court